Pelzer et al., Appellants, *v.* Lewis.

Argued April 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Marvin Comisky,* with him *Sol Henry Kitei, Goncer M. Krestal,* and *Blank, Rome, Klaus & Comisky,* for appellants.

*Martin J. Vigderman,* with him *Abraham E. Freedman,* and *Freedman, Borowsky and Lorry,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

At issue in this case is the validity of the election of Reverend Lawrence Henry to the pastorship of the Union Baptist Church of Philadelphia. An election was held on July 28, 1968, under the auspices of the American Arbitration Association, at which Reverend Henry received 295 of the 561 votes cast; of the remaining votes, 251 went to another candidate, 14 were challenged and one was blank. At the time of the election it was announced that there was no winner, since everyone apparently assumed that the outcome of the election was controlled by Article IV, Section 2 of the Church By-laws, which states that: "the concurrence of two-thirds of the quorum shall be necessary to a call." A short time after the election, however, Reverend Henry assumed the Church's pulpit, claiming that Article IV, Section 2 of the By-laws was inconsistent with and violative of Article III of the Church Constitution, and that, having received a majority of the votes cast at the July 28 election, he had been validly elected as pastor. Article III of the Church Constitution, relied upon by Reverend Henry, provides that: "The Pastor of this Church shall be Elected in the following manner viz All the members that are communicants and those of the Congregation who have Subscribed and Contributed regularly for six months to the support of this Church and Gospel Ministry and are not in arrears shall be entitled to a vote then if Elected by a majority of the above named voters, his Election shall be valid. Also the Clerk to be Elected by the Members and no votes to be taken by Proxy in either case."

Appellants then instituted an action in equity seeking: (1) to enjoin Reverend Henry from assuming the

position of pastor; and (2) to require a new election to be conducted at which the two-thirds requirement of the By-laws would control. Reverend Henry, together with those of his supporters who had been named defendants in the complaint, filed preliminary objections. They stated that the conflicting constitutional provision was set forth in the complaint and argued that, since it was therefore clear that the By-laws could not prevail, Reverend Henry's election was obviously valid and the complaint should be dismissed because it did not set forth a claim upon which relief could be granted. The trial court sustained the preliminary objections and this appeal followed. We affirm.

Appellants offer two arguments in support of their contention that the more restrictive By-laws should prevail. They first assert that Article IV, Section 2 of the By-laws is consistent with Article III of the Constitution because the Constitutional provision carries only the "barest mandate" and by its very terms requires the type of "implementation" given it by Article IV, Section 2 of the By-laws. Cf. *Commonwealth v. Cain*, 5 S. & R. 510 (1820). The argument is without merit. The Constitutional provision affirmatively states that only a majority of votes is necessary to elect a pastor; it is not in the least ambiguous and is not open to the suggested interpretational evisceration. The assertion that the election of a qualified individual "shall be valid" if he is "elected by a majority of the above named voters," is utterly and irreconcilably inconsistent with the By-law's requirement of a two-thirds mandate.

Appellants' second claim is that the provision of the By-law supplants and supersedes the inconsistent Constitutional provision because, as a nonprofit corporation, the Church had the authority under Section 403 of the Nonprofit Corporation Law, Act of May 5,

1933, P. L. 289, as amended, Act of May 23, 1949, P. L. 1763, §2, 15 P.S. §7403, to "change, alter or amend such provisions of the corporate charter as are purely administrative in their nature, any limitation contained in any such charter to the contrary notwithstanding." Unfortunately, we cannot accept the proposition that the number of votes necessary to elect a pastor is "administrative" in nature. The original policy of the Church is clearly that its affairs, including the selection of a pastor, should largely be conducted by majority rule, and we fail to see how the alteration of this fundamental policy can in any manner be classified as an administrative matter.

Decree affirmed. Each party to pay own costs.